**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ALLTEL CORPORATION**                                                              **PLAINTIFF**

v.                                 **CASE NO. 4:09-CV-0779 BSM**

**MICHAEL JASON KIMBLER**                                                   **DEFENDANT**

**ORDER**

Before the court is plaintiff's motion for a temporary restraining order, preliminary injunction, and request for expedited hearing filed on September 30, 2009. Plaintiff Alltel Corporation ("Alltel") brings this action against Michael Jason Kimbler, a former Florida employee, alleging breach of Alltel's non-disclosure and non-solicitation agreement, and seeks a temporary restraining order ("TRO") and preliminary injunction enjoining defendant Kimbler from continuing in breach. Specifically, Alltel alleges that, while employed, Kimbler improperly e-mailed confidential and proprietary information to his personal e-mail address; solicited and accepted employment with competitor Sprint/United Management Company ("Sprint") in violation of the agreement; and provided Sprint with valuable, confidential information belonging to Alltel. Additionally, Alltel alleges that Kimbler was working for and actively soliciting Verizon Wireless ("Verizon") customers to move to Sprint prior to leaving Alltel, and after leaving Alltel, continued to solicit Alltel's customers, several of whom have moved their business to Sprint. The court notes that Alltel alleges that Verizon acquired Alltel on January 9, 2009, through a merger, and that Alltel is a wholly

owned subsidiary and an affiliate of Verizon. Alltel states, however, that it and Verizon maintain their separate legal identities.

A hearing on the request for temporary restraining order was held on October 1, 2009. During the hearing, it was revealed that a case concerning the same facts, *Cellco Partnership d/b/a Verizon Wireless v. Michael Jason Kimbler*, Case No. 09-CA-19271, was filed on July 31, 2009, in the Circuit Court for Hillsborough County, Florida. On that date, the state court entered a temporary injunction, but the temporary injunction was dissolved on September 24, 2009.

At some point thereafter, a second amended complaint was proposed by plaintiffs in the state court case to add certain parties and claims, including adding Alltel Corporation as a named plaintiff and adding claims regarding breach of the non-disclosure and non-solicitation agreement. A hearing was held in the state case on September 29, 2009, during which the judge stated, "I'll let you amend the complaint," although plaintiff states that it is unsure as to whether the judge's statement allowed amendment to the full extent requested. On the morning of the hearing in this case, plaintiff filed its notice of withdrawal of proposed second amended complaint in the state court case stating, "Plaintiff intends to file a revised Second Amended Complaint upon entry of a written Order conforming to the Court's oral ruling at the hearing of September 29, 2009."

The withdrawal appears to have been made in an attempt to eliminate any issues regarding bringing the proposed state court claims in this court and to obtain a temporary restraining order from this court, although the motion for temporary restraining order appears

to be pending before the state court. These actions could be viewed as an attempt to take a second bite at the apple with regard to the temporary restraining order due to the fact that the state court indicated that it might be some time before it could complete the hearing on the same issues. Furthermore, defendant has asserted that abstention is warranted under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and has raised issues regarding personal jurisdiction over him in Arkansas.

Plaintiffs' motion for temporary restraining order is denied because the court is unconvinced that there is a likelihood of success on the merits. Indeed, due to the issues raised in the hearing, the court is unconvinced that it can exercise jurisdiction over the parties.

Accordingly, plaintiff's motion for a temporary restraining order (Doc. No. 4) is denied.

IT IS SO ORDERED this 6th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE